NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3646
_____

NANCY LIVI, on behalf of herself
and all others similarly situated,
Appellant

v.

HYATT HOTELS CORPORATION; HYATT CORPORATION,
DBA Hyatt At The Bellevue; BELLEVUE INC.;
BELLEVUE ASSOCIATES
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 2-15-cv-05371
Trial Judge: The Honorable Anita B. Brody
_____

Argued September 27, 2018

Before: SMITH, *Chief Judge*, McKEE and RESTREPO, *Circuit Judge*s

(Filed: October 12, 2018)

Noah I. Axler        [ARGUED]
Marc A. Goldich
Axler Goldich
1520 Locust Street
Suite 301
Philadelphia, PA 19102
        *Counsel for Appellant*

Noah A. Finkel        [ARGUED]
Cheryl A. Luce
Seyfarth Shaw
233 South Wacker Drive
Suite 8000
Chicago, IL 60606
        *Counsel for Appellees*

_____

OPINION[*]
_____

SMITH, *Chief Judge*.

Nancy Livi appeals the District Court's award of summary judgment to

Hyatt Hotels Corporation, et al. (hereinafter, "Hyatt").  For the reasons that follow,

we will affirm.

I.

Livi was employed as a banquet server at the Bellevue, a Hyatt hotel in

Philadelphia, from 1986 until 2014.  In 2015, she filed a class action complaint in

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

the United States District Court for the Eastern District of Pennsylvania on behalf of herself and those similarly situated in which she alleged that: (1) she often worked more than 40 hours per week but was never paid overtime (one-and-a-half times her hourly wage) for time in excess of 40 hours; and (2) she was entitled to a contractual service charge of either 20% or 21% of the banquet cost, but Hyatt always retained a portion of the service charge for itself and did not pay the entirety to the banquet servers. Based upon these allegations, Livi brought claims for the unpaid wages and service charges pursuant to the Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa. Stat. §§ 333.101–333.115, the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 Pa. Stat. §§ 260.1–260.12, and on grounds of unjust enrichment.[1]

In a thoughtful opinion, the District Court awarded summary judgment to Hyatt on all claims. Livi timely appealed.[2]

---

[1] Livi also raised claims under the Fair Labor Standards Act and the Philadelphia Administrative Code, but later declined to pursue them.

[2] The District Court exercised jurisdiction under 28 U.S.C. § 1332(d). We have jurisdiction to review the District Court's final decision pursuant to 28 U.S.C. § 1291. We review the grant of summary judgment *de novo*, applying the same standard as the District Court. *Azur v. Chase Bank, USA*, 601 F.3d 212, 216 (3d Cir. 2010). Viewing the evidence in a light most favorable to the non-movant and drawing all inferences in her favor, a district properly grants summary judgment where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *Daubert v. NRA Group, LLC*, 861 F.3d 382, 388–89 (3d Cir. 2017).

## II.

In Pennsylvania, a service establishment (such as a hotel) is not required to pay overtime to employees working more than 40 hours per week if it is exempt from the overtime requirement under 34 Pa. Code § 231.43(f):

> No employer may be deemed to have violated these §§ 231.41–231.43 by employing an employee of a retail or service establishment for a workweek in excess of 40 hours if:
>
> (1) The regular rate of pay of the employee is in excess of 1½ times the minimum hourly rate applicable.
>
> (2) More than half of the employee's compensation for a representative period, not less than 1 month, represents commissions on goods or services.

It is undisputed that Livi's regular rate of pay at Hyatt was more than 1½ times the minimum wage and that the service charges that Hyatt paid her comprised more than half of her compensation. Livi argues, however, that Hyatt is not exempt from the overtime requirement because the service charges do not "represent[] commissions on goods or services" under 34 Pa. Code § 231.43(f).

As Livi correctly observes, the relevant Pennsylvania statutes do not define "commissions." *See* 34 Pa. Code § 231.1; 43 Pa. Stat. § 333.103. But, looking to the law as interpreted by the Supreme Court of Pennsylvania, we must attempt to predict how that court would likely rule as to the meaning of commissions. *See Gares v. Willingboro Twp.*, 90 F.3d 720, 725 (3d Cir. 1995). And, in the absence of direct guidance from Pennsylvania's Supreme Court, we may look to

Pennsylvania's intermediate appellate courts for assistance in making that prediction. *Id.*

Here, the District Court correctly observed that Pennsylvania's Commonwealth Court, in a decision affirmed by the Supreme Court of Pennsylvania, has instructed that, when the PMWA substantially parallels the federal Fair Labor Standards Act ("FLSA"), Pennsylvania courts look to federal courts' interpretation of the parallel FLSA provision for guidance. *Commonwealth Dep't of Labor & Indus. v. Stuber*, 822 A.2d 870, 873 (Pa. Commw. Ct. 2003) ("In the past, this Court has indicated that it is proper to give deference to federal interpretation of a federal statute when the state statute substantially parallels it."), *aff'd* 859 A.2d 1253 (2004); *see also Mazzarella v. Fast Rig Support, LLC*, 823 F.3d 786, 790 n.5 (3d Cir. 2016) ("This analysis applies equally to the FLSA and PMWA claims, given the similarities between the [Motor Carrier Act overtime exemption] in each statute.").

In this instance, the state and federal exemptions are worded nearly identically.[3] It cannot be doubted that the two provisions are parallel.

---

[3] The relevant portion of the FLSA provides:

> No employer shall be deemed to have violated subsection (a) by employing any employee of a retail or service establishment for a workweek in excess of the applicable workweek specified therein, if (1) the regular rate of pay of such employee is in excess of one and

Accordingly, Pennsylvania law instructs that interpretation of the PMWA's

exemption is informed by case law interpreting the parallel FLSA exemption.

Looking to the FLSA's overtime exemption, we agree with the District

Court that banquet service charges represent commissions. *See Parker v.*

*NutriSystem, Inc.*, 620 F.3d 274, 283–84 (3d Cir. 2010) (payments represent

commissions when they are proportional to the cost to the consumer, decoupled

from the actual time worked, and do not offend the purposes of the FLSA).[4]  In

---

one-half times the minimum hourly rate applicable to him under section 206 of this title, and (2) more than half his compensation for a representative period (not less than one month) represents commissions on goods or services.

29 U.S.C. § 207(i).

[4] In *Mechmet v. Four Seasons Hotels, Ltd.*, 825 F.2d 1173, 1177 (7th Cir. 1987), the Seventh Circuit concluded that banquet service charges are "commissions" for purposes of the FLSA exemption.  While we agree with that result, we do not adopt the Seventh Circuit's reasoning.

addition, the Department of Labor has issued guidance to this effect,[5] and Livi has not identified a single case adopting a contrary interpretation.[6]

We are reasonably confident in predicting that the Pennsylvania Supreme Court would conclude, consistent with the federal interpretation of the parallel FLSA provision, that the banquet service charges represent commissions for purposes of the PMWA's overtime exemption.  The District Court therefore appropriately awarded summary judgment to Hyatt on this claim.

### III.

Livi next contends that the banquet service charges are "gratuities," and that the PMWA mandates that gratuities are the property of the employee.  Specifically, Livi relies upon a provision of the PMWA exempting employers from paying the

---

[5] *See* Dep't of Labor Op. Ltr., 1997 WL 971257 (Aug. 29, 1997) ("A service charge levied on a customer by an establishment such as a hotel or restaurant for services by waiters or waitresses may qualify as a commission under section 7(i) since such charge bears a direct relationship to the sale of goods or services by the establishment."); Dep't of Labor Op. Ltr., 1996 WL 1031770 (Apr. 3, 1996) (payment based on a percentage of the total cost is a commission for purposes of the FLSA exemption, but a flat fee payment is not).

[6] At oral argument, Livi relied upon *Unemployment Compensation Board of Review v. Churchill Valley Country Club*, 338 A.2d 738 (Pa. Commw. Ct. 1975), a case concerning the calculation of a wait server's salary at a country club for purposes of setting her unemployment benefits.  There, the Commonwealth Court determined that service charges collected by an employer and later redistributed to service employees are not "tips" (which are not considered wages), and therefore must be included in calculating the amount of wages paid to the employee for unemployment purposes.  *Id.* at 741.  That case does not concern the PMWA, nor does its holding provide support for Livi's position.

7

minimum wage to certain tipped employees, 43 Pa. Stat. § 333.103(d)(2), which

provides:

> All tips received by such employe have been retained by the employe and shall not be surrendered to the employer to be used as wages to satisfy the requirement to pay the current hourly minimum rate in effect; **where the gratuity is added to the charge made by the establishment, either by the management, or by the customer, the gratuity shall become the property of the employe**; except that this subsection shall not be construed to prohibit the pooling of tips among employes who customarily and regularly receive tips.[7]

(emphasis added).

Livi contends that, because banquet service charges are "added to the charge

made by the establishment," they must be paid, in their entirety, to banquet servers,

making Hyatt's retention of a portion of the service charge unlawful.

As the District Court correctly determined, this provision of the PMWA is

inapplicable. Section 103(d) of the PMWA, known as the "tip credit" provision,

permits an employer to pay tipped employees an hourly wage substantially lower

than the minimum wage by taking a "credit" for the amount of tips received by the

employee. 43 Pa. Stat. § 333.103(d). It is undisputed that Livi's hourly wage was

well above the minimum wage and Hyatt never invoked the tip credit provision.

Livi presents no basis for us to conclude that the provision extends to her

---

[7] The "employe" spelling appears in the original.

8

circumstances. Accordingly, the District Court correctly granted summary judgment to Hyatt on this claim.[8]

## IV.

Finally, Livi contends she is entitled to unpaid overtime and additional service charge payments on two additional theories: (1) as a third-party beneficiary to Hyatt's banquet contracts, which she claims entitles her to pursue a claim for the additional portion of the service charge under the WPCL, 43 Pa. Stat. § 260.9a(a);[9] and (2) on a theory of unjust enrichment. The District Court disposed of both claims in Hyatt's favor. We agree, and have nothing to add to the District Court's analysis.

## V.

Livi has not identified an unsettled issue of Pennsylvania law of sufficient import to warrant certification to the Supreme Court of Pennsylvania. *See* Pa. R. App. P. 3341(c). We therefore decline to certify a question to that Court. We will

---

[8] Even if the tip credit provision applied to her, we do not share Livi's view that banquet service charges are "gratuities." The PMWA provides that "'[g]ratuities' means voluntary, monetary contributions received by an employe from a guest, patron or customer for services rendered." 43 Pa. Stat. § 333.103(i). Banquet service charges do not fall within the plain terms of this definition because they are not voluntary, they are not paid to the employee, and they are not paid after services are rendered.

[9] Pennsylvania's WPCL provides a civil remedy for an employee to recover wages to which she is entitled. It does not independently establish an entitlement to any particular wages.

9

affirm the grant of summary judgment to Hyatt for substantially the same reasons

set forth in the District Court's opinion.[10]

---

[10] Judge McKee does not join Part III of this opinion. He concludes that there is a genuine issue of material fact as to whether the service charge was intended as a 'tip' or 'commission.' He therefore believes that the District Court erred in granting summary judgment to Appellees on the PMWA claim. He joins Part IV only insofar as it rejects the Appellants' third party beneficiary contract claim.